IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS A. SATTERFIELD,            )
                                  )
                   Petitioner,    )
                                  )
         v.                       )         1:22CV722
                                  )
PERSON COUNTY,                    )
                                  )
                   Respondent.    )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Person County, North Carolina, submitted a document stating that he to file a habeas corpus action based on his pretrial detention. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2241, it appears that Petitioner seeks to attack his pretrial custody. Because the proper avenue for such an attack is ordinarily a petition for habeas corpus under § 2241, the Court will construe the submission as such a petition. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2241 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner seeks to have the Court intervene in his ongoing state court criminal case. It is not ordinarily proper for this Court to do so. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not set out such circumstances in his Petition. Further, Petitioner must exhaust his state court remedies as to the claims he

raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973).

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2241 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after exhausting his claims in state court. The new petition must be accompanied by either the five-dollar filing fee or a current application to proceed *in forma pauperis*.

2

This, the 2nd day of September, 2022.

/s/ Joe L. Webster
United States Magistrate Judge

3